**Thayer  v Paulus, Sokolowski & Sartor, LLC**

2024 NY Slip Op 30820(U)

March 12, 2024

Supreme Court, New York County

Docket Number: Index No. 652747/2023

Judge: Gerald Lebovits

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. GERALD LEBOVITS**                PART                    07

*Justice*

---------------------------------------------------------------------------X

BARBARA THAYER, P.E., ARCH., LANDSCAPE
ARCHITECTURE, L.S., D.P.C.,

INDEX NO.            652747/2023

MOTION DATE          01/23/2024

Plaintiff,

MOTION SEQ. NO.         001

- v -

PAULUS, SOKOLOWSKI AND SARTOR, LLC,

**DECISION + ORDER ON
MOTION**

Defendant.

---------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14

were read on this motion to                      DISMISS DEFENSE                          .

*Jaspan Schlesinger Narendran LLP*, Garden City, NY (Scott B. Fisher of counsel), for plaintiff.
*Faegre Drinker Biddle & Reath LLP*, New York, NY (Frank F. Velocci and Justin M. Ginter of counsel), for defendant.

Gerald Lebovits, J.:

Plaintiff, Barbara Thayer, P.E., Arch., Landscape Architecture, L.S., D.P.C., moves to dismiss the counterclaim for breach of contract by defendant, Paulus, Sokolowski and Sartor, LLC ("PS&S"). The motion is granted.

## BACKGROUND

On January 24, 2022, plaintiff, as seller, and defendant, as buyer, entered into an asset purchase agreement whereby defendant agreed to buy Thayer's non-excluded assets, contracts, and business operations and to assume certain liabilities.

The closing date for the asset sale was April 4, 2022. Under the asset-purchase agreement, defendant assumed liabilities under assumed contracts that required performance after the closing date, "were incurred in the ordinary course of business," were unrelated to any failure to perform, improper performance, or any default, and did "not relate to any project where the remaining effort (i.e., hours times rates) to complete such project exceeds the amount available to be billed with respect to such project ('Budget Overruns'), except to the extent such Budget Overruns are caused by the acts or omissions of Buyer." (NYSCEF No. 8 at 3.)

In April 2022, the parties executed an amendment to the agreement. Under the amendment, the parties set an end date, the one-year anniversary of the closing date. Up until the

[* 1]

end date, defendant would be permitted to retain $225,000 of all payments and reimbursements received after the closing date. And if buyer, before the end date, would "incur[ ], or reasonably expects to incur, Budget Overruns, Buyer shall be entitled to propose for set-off . . . from any and all amounts in the Book-Entry Account, the amount of Budget Overruns incurred, or reasonably expected to occur." (NYSCEF No. 9 at 4.)

In June 2023, plaintiff brought this action against defendant for its alleged failure to pay plaintiff the $225,000.00 held in the separate book-entry account.

Defendant answered the complaint and asserted a counterclaim for breach of contract. Defendant alleges that plaintiff failed to disclose to defendant that defendant would incur significant license and user fees for software products. Defendant further contends that plaintiff assumed liability for the license and user fees under the agreement. (NYSCEF No. 3 at 13-14.)

Plaintiff moves under CPLR 3211 (a) (1) and (7) to dismiss defendant's counterclaim.

## DISCUSSION

### I.    Terms of the Agreement

A CPLR 3211 (a) (1) motion to dismiss should be granted "only if the documentary evidence submitted utterly refutes plaintiff's factual allegations." (*Mill Fin., LLC v. Gillett*, 122 AD3d 98, 103 [1st Dept 2014] [internal quotation marks omitted].) Plaintiff submits the agreement and amendment in support of its motion.

Plaintiff argues that "Budget Overrun" in the agreement does not include software licenses and user fees for which defendant seeks damages and therefore that defendant may not get damages on those licenses and fees.

Plaintiff notes that the contract defines budget overruns as when "the remaining effort (i.e., hours times rates) to complete such project exceeds the amount available to be billed with respect to such project." (NYSCEF No. 8 at 3.) Plaintiff argues that a budget overrun occurs when the remaining labor costs exceed what can be billed for the costs, and that if the agreement intended for an item such as software to be included as a budget overrun, it would have referred to "costs to complete" or used similar language. Plaintiff also suggests the use of "i.e." in the provision refers to an exhaustive list. Thus, according to plaintiff, the definition of budget overruns unambiguously refers to when the remaining effort—hours times rates—to complete a project exceeds what may be billed for the costs.

Defendant, on the other hand, argues that plaintiff's interpretation of "budget overrun" is too narrow and that plaintiff unduly emphasizes the phrase "i.e.," a phrase which is often confused with "e.g." Defendant contends that the plain meaning of the provision "in context with the whole of the agreement, demonstrates that PS&S is entitled to seek an offset where the costs of an assigned project exceed the amount available to be billed for the project—the very definition of a budget overrun." (NYSCEF No. 13 at 5.) Defendant further argues that at this stage of the litigation, defendant need only allege breach of contract. (*Id.* at 4-5.)

[* 2]

A reasonable reading of "budget overrun" in its context supports plaintiff's contention. Defendant's reading of the phrase discounts the surrounding text of the provision, namely the phrase concerning "the remaining effort (i.e., hours times rates)." Plaintiff's motion to dismiss is granted.

## II.    Notice and Documentation Requirements

Plaintiff further argues that defendant did not comply with the notice and documentation requirements for off-setting budget overruns, and therefore that defendant's counterclaim must be dismissed. Under the amendment to the agreement, defendant, as buyer, may propose a set-off if it incurs or expects to incur budget overruns before the end date. To do so, the amendment requires that defendant "shall provide notice of such proposed set-off to Seller, along with documentation reasonably supporting such set-off." (NYSCEF No. 9 at 4.)

According to plaintiff, defendant informed plaintiff about the license and user fees by letter dated April 24, 2023, 20 days after the end date. Plaintiff contends that the untimely notice bars defendant's counterclaim. Plaintiff further contends that defendant did not provide plaintiff with documentation to support the proposed set-off.

Defendant states that this argument has no substantive bearing on this motion. Defendant argues that in its answer, it denied plaintiff's allegations that it did not provide proper notice and documentation. (NYSCEF No. 1 at ¶¶ 105-107, 3 at ¶¶ 105-107.) Defendant also alleges in its counterclaim that it provided notice. (*See* NYSCEF No. 3 at 14.) But defendant submits no evidence to counter plaintiff's assertion that defendant's notice was post-end date and unsupported by documentation. And defendant does not dispute that it would be required to provide notice before the end date and supplement that notice with documentation. Plaintiff's motion to dismiss is granted.

The court therefore does not reach the branch of plaintiff's motion to dismiss under CPLR 3211 (a) (7).

Accordingly, it is

ORDERED that Barbara Thayer, P.E., Arch., Landscape Architecture, LS, D.P.C.'s motion to dismiss defendant's counterclaim under CPLR 3211 (a) (1) is granted, and the counterclaim is dismissed with costs and disbursements as taxed by the Clerk upon the submission of an appropriate bill of costs; and it is further

ORDERED that the balance of the claims in this action are severed and shall continue; and it is further

[* 3]

ORDERED that plaintiff serve a copy of this order with notice of its entry on defendant and on the office of the County Clerk (by the means set forth in the court's e-filing protocol, available on the e-filing page of the court's website, https://ww2.nycourts.gov/courts/1jd/supctmanh/E-Filing.shtml), which shall enter judgment accordingly.

HON. GERALD LEBOVITS
J.S.C.

__3/12/2024__
**DATE**

| | | | | |
|---|---|---|---|---|
| **CHECK ONE:** | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| | ☒ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |